## CHARLES H. KETTLER v. C. W. KETTLER.

[FILED DECEMBER 31, 1889.]

1. **Partnership**: ACCOUNTING: REFERENCE. In an action to dissolve a partnership, and for an accounting, the case was referred to a referee, who made findings of fact and in favor of the plaintiff for a sum in excess of that claimed in the petition. Exceptions to the report were thereupon filed, which were overruled, but the judgment was reduced to the sum claimed in the petition with interest thereon. *Held*, No error.

2. **Report and judgment** fully sustained by the evidence.

ERROR to the district court for Douglas county. Tried below before WAKELEY, J.

*Cavanaugh, Crane & Atwell* (with whom was *W. E. Healey*) cited: Bates, Partnership, secs. 312, 767 ; Parsons, Partnership, 245 ; *Robinson v. O'Connor*, 12 Neb., 405 ; *Ryan v. Dougherty*, 30 Cal., 218 ; *Francis v. Ames*, 14 Ind., 251 ; *Delong v. Stahl*, 13 Kan., 558 ; *Smith v. Warner*, 14 Mich., 152 ; *Brower v. Kingsley*, 1 Johns. Cas. [N. Y.], 334 ; *Hanner v. Coffin*, 1 Or., 99 ; *White v. Puryear*, 18 Tenn., 440.

*J. W. West*, contra, cited: *Mills v. Miller*, 2 Neb., 317 ; *Cropsey v. Wiggenhorn*, 3 Id., 117 ; *Joiner v. Van Alstyne*, 20 Id., 579 ; *Hosford v. Stone*, 6 Id., 378 ; *Fox v. Mecham*, Id., 533 ; *Light v. Kennard*, 11 Id., 130 ; *Roggencamp v. Dobb*, 15 Id., 621 ; *Ponca v. Crawford*, 18 Id., 551 ; *Gibson v. Sullivan*, Id., 558 ; *Deitrichs v. R. Co.*, 13 Id., 46.

MAXWELL, J.

This is an action to dissolve the partnership between the parties and for an accounting.

The plaintiff is the father of the defendant, and in his

petition, after stating the formation of the partnership and the amount of capital put into the firm by the plaintiff, he alleges that the defendant has falsified the books of the partnership firm by making false and erroneous charges against the firm, and failing and refusing to make proper entries of moneys and goods received by defendant on the partnership account; that defendant has appropriated to his separate use partnership property and funds without the consent of plaintiff; that defendant has conducted himself with such great rudeness and incivility toward plaintiff, who is defendant's father, as to make personal association as partners unbearable and unreasonable; that defendant, by gross negligence, and contrary to the express admonitions and counsel of plaintiff, persisted in giving credit to a number of irresponsible persons, and by said gross negligence and headstrong course pursued by defendant ·the partnership firm has suffered needless losses; that by reason of the facts stated in paragraphs 9, 10, and 11 hereof a bitter feeling of animosity has been engendered between plaintiff and defendant, which utterly precludes all reasonable hope of reconciliation and friendly co-operation.

"Your petitioner further states that he is a man far advanced in years, to-wit, seventy years of age, and of feeble health and mind, while his partner, his son, defendant herein, is a young man, to-wit, twenty-seven years of age, and of vigorous mind and body; that said agreement was entered into at the request and earnest solication of defendant and against the inclinations and by the reluctant consent of plaintiff; that by reason of defendant's relationship to plaintiff and of the great disrepancy between their ages, and physical conditions of body and activities of mind defendant had at the time of entering into said agreement a great and overpowering influence over plaintiff, all of which defendant well knew."

The defendant in answer to the petition makes a number of specific denials, among others the existence of the part-

nership, and pleads losses in the business. The cause was referred to a referee, who took the testimony and made findings as follows:

"First—That the total original stock was $1,728.37 of which the plaintiff put in $725 and the defendant $1,003.37.

"Second — That the partnership made net gains over and above all its expenses and liabilities, and that the amount thereof during that period covered from December 30, 1886, to June 18, 1887, is $517.

" Third — That the amount of the net assets of the firm on June 18, 1887, is $454.84.

" Fourth — But that the net assets of the firm on June 18, 1887, should be the original capital stock, $1728.37 plus the net gain, $517, or $2,245.37.

"Fifth—That there is a shortage in the firm's assets, and that the amount thereof is the difference between what the net assets are, viz., $454.84, and what the net assets should be, viz., $2,245.37 or $1,790.53.

" Sixth — I find that C. U. Kettler, the defendant, exercised the general management and control of the business of the firm; did all the buying for the firm, and paid out all moneys; was the sole custodian of the daily receipts of the firm; made all deposits in the bank and signed all checks; in short, that he had the exclusive personal control of the entire finances of the firm from the beginning to the end.

"Seventh—I find that the individual interest of C. H. Kettler, the plaintiff, in the firm on June 18, 1887, after all his share of the debts and liabilities are deducted, to be the sum of $901.97.

## "FINDINGS OF LAW.

" I find that C. U. Kettler, the defendant, is liable for the shortage above discovered, viz., the sum of $1,790.53 "

Exceptions were filed to the report, which were over-

ruled, but the claim of the plaintiff was reduced to $725 and interest, being the amount claimed in the petition.

The report of the referee is very full and the reasons for his findings are set out at length therein. Those reasons in the main are correct and the findings of fact are fully supported by the evidence.

The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.